John M. STEVENSON, Appellant,

v.

**FRANKLIN GARDENS APARTMENTS,**
Appellee.

No. 08-16-00017-CV

Court of Appeals of Texas,
El Paso.

July 27, 2016

John Daves, John Daves & Associates, PLLC, Austin, TX, for Appellee.

Shelby O'Brien, Enoch Kever PLLC, Austin, TX, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION ON MOTION

YVONNE T. RODRIGUEZ, Justice

Appellant, John M. Stevenson, has filed a motion to review the supersedeas amount ordered by the trial court. *See* TEX. R. APP. P. 24.4. In addition to Stevenson's motion, we have reviewed the response filed by Appellee, Franklin Gardens Apartments, and Stevenson's reply. We grant the motion and order that the supersedeas amount be reduced.

### FACTUAL SUMMARY

In 2015, Franklin Gardens Apartments (Franklin) filed a forcible detainer action against Stevenson in the Justice Court, Precinct No. 1, of Travis County, Texas, to evict him from an apartment. Through its participation in a HUD program, Franklin offers subsidized housing for elderly individuals who meet HUD income criteria. Franklin terminated Stevenson's lease because he allegedly failed to provide information necessary to establish continued eligibility under HUD's income criteria. The Justice Court entered a default judgment against Stevenson and awarded Franklin possession of the apartment. Stevenson filed a pro se notice of appeal. Following a bench trial, the County Court at Law No. 1 of Travis County entered judgment against Stevenson, awarding Franklin possession of the apartment and attorney's fees in the amount of $10,860 plus conditional awards if Stevenson appealed.

Stevenson filed a pro se notice of appeal and a motion for the trial court to find him indigent and determine the amount of bond necessary to supersede the judgment pending appeal. Franklin contested Stevenson's affidavit of indigence. On December 18, 2015, the trial court entered an order disapproving Stevenson's affidavit of indigence and setting the supersedeas amount at $800.00 to be paid into the

registry of the court each month. Stevenson submitted an affidavit of indigence to the Third Court of Appeals on January 20, 2016. The court of appeals construed the affidavit as a motion to review the trial court's determination on indigence pursuant to Tex. R. App. P. 20.1(j), but .it did not file the motion because it was not filed within the timeframe specified by Rule 20.1(j)(2). The appeal was transferred to this Court on January 22, 2016. That same date, we notified Stevenson that he was required to pay the case filing fee because the trial court had found him to be not indigent and he had not made a timely challenge to the trial court's determination on indigence.

On March 22, 2016, Stevenson filed a motion asking the trial court to modify the supersedeas amount pursuant to Tex. R. App. P. 24.2(b) because paying $800 per month is causing him substantial economic harm. In support of his motion, he offered evidence that he receives social security income of only $867 per month and he is receiving government entitlements based on indigence. The trial court denied the motion on March 28,. 2016. On April 4, 2016, Stevenson filed a pro se notice of appeal from that ruling, but we construed the notice of appeal as a motion filed pursuant to Rule 24.4 for review of the supersedeas amount.[1]

## REVIEW OF SUPERSEDEAS

Stevenson argues that the trial court's supersedeas order should be vacated because it is excessive and will cause him substantial economic harm if he is required to pay $800 per month into the registry of the court. Alternatively, he requests that we reduce the amount required to supersede the judgment to $260 per month.

*Standard of Review and Applicable Law*

■ As a general rule, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex.2009). When the judgment is for the recovery of an interest in real property, the trial court determines the type of security that the judgment debtor must post, and the amount of security must be at least the value of the property interest's rent or revenue. Tex. R. App. P. 24.2(a)(2). An appellate court is authorized to review the sufficiency or excessiveness of the amount of security. Tex. R. App. P. 24.4(a)(1). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. Tex. R. App. P. 24.4(d).

■ A trial judge is given broad discretion in determining the amount and type of security required. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, no pet.). Consequently, our review of the trial court's ruling is under the abuse of discretion standard. *EnviroPower, L.L.C. v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *TransAmerican Natural Gas Corporation v. Finkelstein*, 905 S.W.2d 412, 414 (Tex.App.—San Antonio 1995, pet. dism'd). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski, M.D. v. Wooten*, 332 S.W.3d 404, 410 (Tex.2011).

*Balancing the Competing Interests*

■ In setting the amount required to supersede the judgment, the trial court

1. Stevenson is currently represented by pro bono appellate counsel.

was required to take into account and balance two opposing interests. The trial court was required to provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2015). At the same time, the trial court must lower the amount of security required under Rule 24.2(a) to an amount that will not cause the judgment debtor substantial economic harm. *See* Tex. R. App. P. 24.2(b).

■ The trial court's order on the motion to reduce the supersedeas amount reflects that the court considered only the pleadings, the motion, and the arguments of the parties. We will presume that the trial court considered the evidence attached to Stevenson's motion and Franklin Gardens Apartments' response. Franklin presented a copy of its HUD rent schedule for 2016 showing a gross rent of $800 for an apartment like the one rented by Stevenson. Thus, the record contains evidence establishing the value of rents likely to accrue during the appeal. Stevenson maintains that he will suffer substantial economic harm if he is required to pay $800 per month to supersede the judgment because his only income is from social security in the amount of $867 per month. Franklin argues, as it did in the trial court, that Stevenson has access to funds other than social security. While Stevenson did not provide Franklin with requested information about the checking account used to pay the rent to Franklin, there is no affirmative evidence that Stevenson has income other than social security or assets which could be used to pay $800 a month to supersede the judgment. We conclude that the trial court abused its discretion by

failing to find that Stevenson will suffer substantial economic harm by being required to pay 92 percent of his monthly income to supersede the judgment during the pendency of the appeal. We grant the motion and order that the supersedeas amount be decreased to $260 per month which is thirty percent of Stevenson's social security income.