

# Fourth Court of Appeals
## San Antonio, Texas

January 27, 2017

No. 04-16-00786-CV

Anthony **MOORE** and Joann Moore,
Appellants

v.

David **SUBIA**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2016CV04165
Honorable David J. Rodriguez, Judge Presiding

## O R D E R

Sitting:    Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Appellants Anthony Moore and Jo Moore were sued in Justice Court Precinct No. 4, Bexar County, Texas, by Appellee David Subia for forcible entry and detainer. After a jury trial, Subia was found to be entitled to possession of the property and was awarded $410 in rent and $191 in court costs. The Moores appealed to County Court at Law No. 3. After another jury trial, the Moores were found to have committed a forcible detainer, and Subia was awarded $5,591 in attorney's fees. On December 1, 2016, the trial court signed a Judgment for Forcible Eviction and Detainer, which ordered the trial court clerk to issue a writ of possession after the expiration of ten days from the signing of the judgment and which also awarded Subia $5,591 in attorney's fees. The trial court also set supersedeas bond in the amount of $15,000.

Pursuant to section 24.007 of the Texas Property Code,

A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to

the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE ANN. § 24.007 (West 2014).

On December 5, 2016, the Moores filed a notice of appeal, stating their intent to appeal from the Judgment for Forcible Eviction and Detainer. They also filed an Emergency Motion and Plea for Temporary Relief and Review of Excessive Supersedeas Bond, requesting that we review the trial court's setting of supersedeas bond in the amount of $15,000, arguing that it was excessive when their rent was $200 per month. On December 8, 2016, we granted the Moores' motion to the extent that we ordered the judgment of the trial court stayed pending appeal of the amount of supersedeas bond. *See* TEX. PROP. CODE ANN. § 24.007 (West 2014); TEX. R. APP. P. 24.4. We thus ordered supplemental clerk's and reporter's records related to the setting of the supersedeas bond. Those records have now been filed.

A trial judge is given broad discretion in determining the amount and type of security required to supersede a judgment; we therefore review the trial court's ruling under an abuse of discretion standard. *See Stevenson v. Franklin Gardens Apartments*, No. 08-16-00017-CV, 2016 WL 4013771, at *2 (Tex. App.—El Paso July 27, 2016, order); *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, order). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Stevenson*, 2016 WL 4013771, at *2.

"In setting the amount required to supersede the judgment, the trial court was required to take into account and balance two opposing interests." *Id.* "The trial court was required to provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages [that] may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *Id.* (citing TEX. PROP. CODE ANN. § 24.007). "At the same time, the trial court must lower the amount of security required under [Texas Rule of Appellate Procedure] 24.2(a) to an amount that will not cause the judgment debtor substantial economic harm." *Id.* (citing TEX. R. APP. P. 24.2(b)).

In his response to appellants' motion, Appellee Subia cites *McCartney v. Calfornia Mortgage Service*, 951 S.W.2d 549, 550 (Tex. App.—El Paso 1997, order), for the proposition that a potential loss of a sale while an appeal is pending is a factor that may be considered by the trial court in setting the amount of supersedeas bond. Subia claims that he showed at the trial court hearing that "he cannot sell the property at a market value of $30,000 because of the pendency of this appeal." In support of this assertion, Subia cites to pages 12, 19, and 20 of the reporter's record of the hearing. The reporter's record reflects, however, that no evidence was presented at the hearing. Instead, it was Subia's attorney who argued to the trial court that the market value of the lot was $25,000 to $30,000. Further, there was no evidence presented that Subia is planning to sell the lot. Again, it was Subia's counsel who argued to the trial court that his client, Subia, wished to sell the lot. Indeed, the reporter's record from the trial on the merits reflects that Subia testified at trial he wanted the Moores to leave the property so that his elderly parents could move onto the lot and he could "watch over them and take care of them." Finally, there was no evidence presented at the hearing of any pending potential sale of the lot.

Because there is no evidence to support the amount of the supersedeas bond, we grant appellants' motion to the extent that we remand this cause to the trial court "for the taking of

evidence" and setting of a supersedeas bond in conformity with the evidence. *See* TEX. R. APP. P. 24.4(d). We ORDER the trial court to hold an evidentiary hearing and set the amount of supersedeas bond in conformity with the evidence within thirty days of the date of this order. We ORDER the court reporter to file a supplemental reporter's record of the hearing within twenty days of the date of the trial court's hearing on the supersedeas bond. We further ORDER the trial court clerk to file a supplemental clerk's record within twenty days of the date of the trial court's hearing on the supersedeas bond.

_____
Karen Angelini, Justice

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of January, 2017.

_____
Keith E. Hottle
Clerk of Court