

# Fourth Court of Appeals
## San Antonio, Texas

June 26, 2018

No. 04-18-00278-CV

Susan **FOSCHINI** (aka Susan Cammack),
Appellant

v.

**THE BANK OF NEW YORK MELLON** f/k/a The Bank of New York as Trustee for the
Certificate Holders of Swabs 2004-05,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 17902C
Honorable Susan Harris, Judge Presiding

# O R D E R

Sitting:  Sandee Bryan Marion, Chief Justice
     Luz Elena D. Chapa, Justice
     Irene Rios, Justice (not participating)

Susan Cammack Foschini appeals the county court's March 28, 2018 final judgment for possession. Appellant has filed an "Emergency Ex Parte Motion for Temporary Restraining Order and Temporary Injunction Against Possession."

The clerk of this court has provided a copy of appellant's motion to appellee. We **order** appellant must serve copies of all pleadings she files in this court on all parties to this appeal, in accordance with rule 9.5 of the Texas Rules of Appellate Procedure, and each document filed must contain the proof of service and certificate required by rule 9.5(d) and (e). **Appellant is cautioned that this court will not consider any further motions filed ex parte.**

No bond is set in the judgment of possession, and appellant states the trial court has not set a supersedeas bond. On June 8, 2018, the Kerr County District Clerk issued a writ of possession. Appellant asserts she is indigent and requests this court to either waive supersedeas bond or set a bond in an amount that "will not cause appellant economic harm."

Section 24.007 of the Property Code states:

A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE ANN. § 24.007 (West Supp. 2017).

We **deny** Foschini's motion to waive supersedeas and deny her motion requesting this court to set a bond. We **abate** the appeal and **order** the trial court to conduct a hearing to set a bond in accordance with section 24.007 of the Texas Property Code and rules 24.1 and 24.2 of the Texas Rules of Appellate Procedure. In setting the amount required to supersede the judgment, the trial court must take into account and balance two opposing interests. *Stevenson v. Franklin Gardens Apts.*, 511 S.W.3d 829, 831-32 (Tex. App.—El Paso 2016, order). The trial court must "provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *Id.* at 832. "At the same time, the trial court must lower the amount of security required under Rule 24.2(a) to an amount that will not cause the judgment debtor substantial economic harm." *Id.* (citing TEX. R. APP. P. 24.2(b)). The trial court shall set a bond not later than **July 16, 2018** and require the trial court clerk to file a copy of its order with this court.

We further **order** that execution of the writ of possession is stayed until ten days after the bond is set.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 26th day of June, 2018.

KEITH E. HOTTLE,
Clerk of Court