

# Fourth Court of Appeals
## San Antonio, Texas

November 7, 2018

No. 04-18-00632-CV

Andrea **PEREZ**,
Appellant

v.

Santos **SPARKMAN**,
Appellee

From the County Court, Guadalupe County, Texas
Trial Court No. 2018-CV-0246
Honorable Robin V. Dwyer, Judge Presiding

# O R D E R

Appellant, Andrea Perez, was sued in Justice Court Precinct No. 2, Guadalupe County, Texas by appellee, Santos Sparkman, for forcible entry and detainer concerning possession of a residence located at 125 Dandelion Trail, San Marcos, Guadalupe County, Texas. Thereafter, a judgment was rendered, finding Sparkman to be entitled to possession of the property and setting an appeal bond at $500.00. In lieu of posting the bond, Perez filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" and appealed to the County Court at Law of Guadalupe County, Texas. On August 16, 2018, the county court signed an "Eviction Final Judgment" against Perez, awarding Sparkman possession of the residence. The judgment provided that Sparkman was entitled to a writ of possession "no sooner than the sixth day after the signing of the judgment," specifying that timeframe to be on or after August 22, 2018. *See* TEX. PROP. CODE § 24.006(b). The county court also set a supersedeas bond in the amount of $5,000.00. *See* TEX. PROP. CODE § 24.007. On August 22, 2018, appellant filed another "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" in lieu of posting the supersedeas bond.

On September 6, 2018, appellant filed, in conjunction with her notice of appeal, a "Plea for Emergency Stay and Review of Excessive Supersedeas Bond," requesting this court: (1) to stay the writ of possession set to issue on September 7, 2018 and (2) to review the county court's setting of supersedeas bond in the amount of $5,000. *See* TEX. R. APP. P. 24.4. Appellant argues she "was not given the 10 days allowed by the Texas Rules of Civil Procedure" to post the supersedeas bond and she "is unemployed and is the primary caregiver to the party's three-year-old son and unable to post a supersedeas bond in the amount of $5,000." We ultimately granted

the "Plea for Emergency Stay and Review of Excessive Supersedeas Bond" to the extent that we ordered the writ of possession not to issue until further order of this court. *See* TEX. PROP. CODE § 24.007; TEX. R. APP. P. 24.4. We also ordered a copy of the clerk's record and reporter's record relating to the setting of the supersedeas bond to be filed. These records were filed on September 6, 2018 and September 25, 2018, respectively. Thereafter, we ordered Sparkman to file a response to appellant's challenge to the amount of supersedeas bond ordered by the county court on or before October 18, 2018. At this time, no response has been filed.

With regards to Perez's complaint that she "was not given the 10 days provided by the Texas Rules of Civil Procedure" to post a supsersedeas bond, we disagree. Perez appears to be arguing that because the judgment provided Sparkman to be entitled to a writ of possession after the expiration of six days from the date of the judgment, she was therefore deprived from filing a supersedeas bond. Rule 510.13 of the Texas Rules of Civil Procedure provides that a judgment of a county court in an eviction suit may not be stayed unless appellant files a supersedeas bond set by the county court "within 10 days of the signing of the judgment." *See* TEX. R. CIV. P. 510.13. However, section 24.0061(b) of the Code provides that a "writ of possession may not be issued before the sixth day after the date on which the judgment for possession is rendered." *See id*. § 24.006(b). Here, the judgment was rendered on August 16, 2018; thus, a writ of possession could not issue before August 22, 2018. *See id*. Because the judgment provides that Sparkman could not seek a writ of possession before that date, it comports with the mandate of the Code. *See id*. And although Perez claims this date deprived her from posting a supersedeas bond within ten days, the record reflects that the writ of possession did not issue until September 7, 2018. Thus, we conclude Perez was not deprived of her ten-day window to request and post a supersedeas bond. *See Bell v. Mortg. Elec. Registration Sys., Inc.*, No. 05-06-00427-CV, 2007 WL 914759, at *1 (Tex. App.—Dallas Mar. 28, 2007, no pet.) (mem. op.) (holding appellant was given the requisite ten days to post supersedeas bond because writ of possession did not actually issue until after ten day window even though judgment provided writ could issue after sixth day judgment was signed).

Turning to Perez's challenge to the amount of supersedeas bond ordered by the county court, the county court set a supersedeas bond in the amount of $5,000.00. In response, Perez filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond, outlining her monthly income to be $1,576.00 and monthly expenses to be $1,000.00.

A trial judge is given broad discretion in determining the amount and type of security required to supersede a judgment; we therefore review the trial court's ruling under an abuse of discretion standard. *See Stevenson v. Franklin Gardens Apartments*, No. 08-16-00017-CV, 2016, WL 4013771, at *2 (Tex. App.—El Paso July 27, 2016, order); *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, order). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Stevenson*, 2016 WL 4013771, at *2.

"In setting the amount required to supersede the judgment, the trial court was required to take into account and balance two opposing interests." *Id.* "The trial court was required to provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages [that] may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *Id.* (citing TEX. PROP. CODE § 24.007). "At the same time, the trial court must lower the amount of security required under [Texas Rule of Appellate Procedure] 24.2(a) to an amount that will not cause the judgment debtor substantial economic harm." *Id.* (citing TEX. R. APP. P. 24.2(b)).

A review of the reporter's record reflects Perez was not present when the case was called for trial although she had announced present when the docket was called. As a result, the county court heard testimony from only Sparkman, who testified he and Perez were living at the residence with their three-year old son, but he moved out in March of 2017 after the couple separated. Sparkman testified that when he moved out of the residence, Perez did not pay him rent or maintain property insurance on the residence. However, nowhere in the record is an amount of monthly rent or cost of property insurance provided. Rather, Sparkman testified he also did not maintain property insurance on the residence, but he has continued to pay for the property taxes– again, the amount of which was never stated. In addition to this testimony, the only evidence produced at trial was the original general warranty deed, reciting Sparkman to be the grantee of the residence. At no point is there any evidence establishing "the value of rents likely to accrue during appeal, damages [that] may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *Id.* Accordingly, we conclude the county court abused its discretion in setting the amount of supersedeas at $5,000.00.

Because there is no evidence to support the amount of the supersedeas bond, we **GRANT** appellants' motion to the extent that we **REMAND** this cause to the county court "for the taking of evidence" and setting of a supersedeas bond in conformity with the evidence. *See* TEX. R. APP. P. 24.4(d). We **ORDER** the county court to hold an evidentiary hearing and set the amount of supersedeas bond in conformity with the evidence within thirty days of the date of this order. We **ORDER** the court reporter to file a supplemental reporter's record of the hearing within ten days of the date of the county court's hearing on the supersedeas bond. We further **ORDER** the county court clerk to file a supplemental clerk's record within ten days of the date of the county court's hearing on the supersedeas bond.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of November, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court