

# Fourth Court of Appeals
## San Antonio, Texas

December 13, 2018

No. 04-18-00632-CV

Andrea **PEREZ**,
Appellant

v.

Santos **SPARKMAN**,
Appellee

From the County Court, Guadalupe County, Texas
Trial Court No. 2018-CV-0246
Honorable Robin V. Dwyer, Judge Presiding

## O R D E R

On September 6, 2018, appellant, Andrea Perez, filed a notice of appeal, appealing an "Eviction Final Judgment" signed on August 16, 2018 by the county court in Guadalupe County. The judgment awarded appellee, Santos Sparkman, possession of a residence located at 125 Dandelion Trail, San Marcos, Guadalupe County, Texas and indicated Sparkman was entitled to a writ of possession on or after August 22, 2018. *See* TEX. PROP. CODE § 24.006(b). In the judgment, the county court also set a supersedeas bond in the amount of $5,000.00. *See* TEX. PROP. CODE ANN. § 24.007. In lieu of posting the supersedeas bond, Perez filed a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

In conjunction with her notice of appeal, Perez filed a "Plea for Emergency Stay and Review of Excessive Supersedeas Bond," requesting this court: (1) to stay the writ of possession set to issue on September 7, 2018 and (2) to review the county court's setting of supersedeas bond in the amount of $5,000. *See* TEX. R. APP. P. 24.4. After consideration, we ultimately granted the "Plea for Emergency Stay and Review of Excessive Supersedeas Bond" to the extent that we ordered the writ of possession not to issue until further order of this court. *See* TEX. PROP. CODE § 24.007; TEX. R. APP. P. 24.4. We also considered Perez's challenge to the amount of supersedeas bond ordered by the county court and concluded there was no evidence to support it. We therefore granted Perez's motion to the extent that we remanded the cause to the county court "for the taking of evidence" and setting of a supersedeas bond in conformity with the evidence. *See* TEX. R. APP. P. 24.4(d). We ordered the county court to hold an evidentiary hearing and set the amount of supersedeas bond in conformity with the evidence.

On November 28, 2018, the county court held an evidentiary hearing and ordered the supersedeas bond to be set at $3,606.00. In the order, the county court advised Perez that she had ten (10) days from the date of the order to post the bond. Thereafter, copies of the supplemental clerk's and reporter's records relating to the evidentiary hearing were filed in this court for our review. On December 10, 2018, Perez filed in this court another "Plea for Emergency Stay and Review of Excessive Supersedeas Bond," challenging the amount of supersedeas set by the county court. In her plea, Perez argues the county court abused its discretion in setting the amount of supersedeas at $3,606.00 because it based the amount on the amount of rent Sparkman would charge if he was renting the residence. Perez points out she is not paying any rent on the property, and therefore, the amount of rent should be based on zero.

Pursuant to section 24.007 of the Texas Property Code:

A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE § 24.007.

A trial judge is given broad discretion in determining the amount and type of security required to supersede a judgment; we therefore review the trial court's ruling under an abuse of discretion standard. *See Stevenson v. Franklin Gardens Apartments*, No. 08-16-00017-CV, 2016, WL 4013771, at *2 (Tex. App.—El Paso July 27, 2016, order); *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, order). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Stevenson*, 2016 WL 4013771, at *2. "In setting the amount required to supersede the judgment, the trial court was required to take into account and balance two opposing interests." *Id.* "The trial court was required to provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages [that] may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." *Id.* (citing TEX. PROP. CODE § 24.007). "At the same time, the trial court must lower the amount of security required under [Texas Rule of Appellate Procedure] 24.2(a) to an amount that will not cause the judgment debtor substantial economic harm." *Id.* (citing TEX. R. APP. P. 24.2(b)).

Here, the county court based its calculation on Sparkman's testimony that he would charge a monthly rent of $1,200.00 to $1,300.00 for the premises if he was renting it out. The county court also heard testimony from both Sparkman and Perez that other houses – smaller than the premises at issue – were being rented for $1,000.00. Moreover, Sparkman produced evidence that he is currently paying $150.00 a month for property insurance and $3,400.00 annually for property taxes. Using these amounts and basing the stay period on eighty (80) days – the time span from the date of the eviction judgment and the date of our prior order – the county court calculated the supersedeas amount to be $3,606.00. After consideration, we conclude the county court did not abuse its discretion in calculating the supersedeas amount; rather, the county court based its calculation in accordance with section 24.007 of the Texas

Property Code by taking into consideration the value of rents likely to accrue during the appeal and other damages that may occur as a result of the stay. *See* TEX. PROP. CODE § 24.007.

Accordingly, appellant's plea is **DENIED** and we **ORDER** our previous stay lifted. Now that our review of the amount of supersedeas has been concluded, we **ORDER** Perez to file her appellant's brief **on or before January 14, 2019.**

Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of December, 2018.

KEITH E. HOTTLE,
Clerk of Court