

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00787-CV

Mary **HINOJOSA** and All Occupants of 630 Alta Sita Street, San Antonio, Texas 78237,
Appellants

v.

**FINANCE OF AMERICA REVERSE, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2019CV05604
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: March 31, 2021

AFFIRMED

This is an appeal from a judgment in a forcible detainer action. We conclude the justice

court and the county court at law had jurisdiction over the action, appellee established its superior

right to immediate possession, and the county court at law did not abuse its discretion in setting

bond at $3,000. We therefore affirm the judgment.

## BACKGROUND

Finance of America Reverse, LLC acquired title to the property at issue in a nonjudicial

foreclosure sale in 2019. Finance of America then served a notice to vacate and demand for

possession on all occupants of the property and brought a forcible detainer action two weeks later in the justice of the peace court to recover the property. After the justice court rendered a default judgment of possession in favor of Finance of America, Sylvia Hernandez—one of the occupants—appealed to the county court at law. The county court at law granted summary judgment to Finance of America on its forcible detainer claim and impliedly denied Hernandez's plea to the jurisdiction asserting the probate court had exclusive jurisdiction over claims related to the property. Hernandez filed a timely notice of appeal and moved for a supersedeas bond, which the county court at law set at $8,000 after a hearing. Hernandez moved to reduce the bond based on substantial economic harm, and, after a hearing, the county court at law reduced the bond amount to $3,000.

On appeal, Hernandez argues the probate court had jurisdiction over the property at issue as a part of its adjudication of the estate of Mary Hinojosa, to which Hernandez alleges she is an heir. She contends this preempts the county court at law's jurisdiction. Hernandez further argues the county court at law erred when it set the amount of the supersedeas bond at $3,000 and failed to take into consideration the substantial economic harm that amount would cause Hernandez.

## DISCUSSION

### A. Jurisdiction in Forcible Detainer Actions

In her first two issues, Hernandez contends the county court at law erred in concluding it had jurisdiction to hear the forcible detainer action and in concluding she did not have the superior right of possession. Hernandez asserts title to the property was being contested in probate court and her right to possession arose from her status as an heir, and the issues of possession and title were therefore so intertwined that the county court at law was divested of jurisdiction. We review *de novo* whether the county court at law had subject matter jurisdiction in a forcible detainer suit. *Hernandez v. Martinez*, No. 04-19-00076-CV, 2019 WL 5580261, at *2 (Tex. App.—San Antonio

Oct. 30, 2019, no pet.) (mem. op.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

A forcible detainer action is an eviction procedure to determine the right to immediate possession of real property where there is no claim of unlawful entry. *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied); *see* TEX. PROP. CODE § 24.002. Justice courts have jurisdiction to hear forcible detainer suits, and county courts at law have jurisdiction on appeal, for a trial *de novo*; they do not have jurisdiction to adjudicate questions of title. *See, e.g.*, TEX. GOV'T CODE § 27.031(b)(4); *Garcia v. Reverse Mortg. Sols., Inc.*, No. 04-18-00736-CV, 2019 WL 2996971, at *2 (Tex. App.—San Antonio July 10, 2019, no pet.) (mem. op.) (citing TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 510.10(c)).

Ordinarily, a plaintiff must provide proof of a landlord-tenant relationship in order to prevail in a forcible detainer action. *See* TEX. PROP. CODE § 24.002(a); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A landlord-tenant relationship may be established by a deed of trust that includes a tenancy-at-sufferance clause that creates a landlord-tenant relationship when the property is foreclosed by a nonjudicial foreclosure sale. *See* TEX. PROP. CODE § 24.002(a)(2); *Yarbrough*, 455 S.W.3d at 280. Based on evidence of a landlord-tenant at sufferance relationship, the issue of possession may be determined independent of title, even if a tenant at sufferance challenges the deed of trust. *Garcia*, 2019 WL 2996971, at *3; *see Onabajo v. Household Fin. Corp. III*, No. 03-15-00251-CV, 2016 WL 3917140, at *2 (Tex. App.—Austin July 14, 2016, no pet.) (mem. op.) ("Defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession.").

If a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a justice court, or county court at law, would be required to determine title before awarding possession, then the justice court, or county court at law, lacks jurisdiction to resolve the matter. *Yarbrough*, 455 S.W.3d at 280. However, the right to immediate possession can be determined separately and concurrently, from the right to title in most circumstances, and the existence of a quiet title dispute in district or probate court is not enough to divest a justice court or county court at law of jurisdiction to hear a forcible detainer action. *See Garcia*, 2019 WL 2996971, at *2.

In this case, the record establishes that the justice court and the county court at law had jurisdiction to hear the forcible detainer action. In support of its motion for summary judgment, Finance of America submitted the fixed rate home equity conversion deed of trust executed by Decedent Mary Hinojosa. The deed of trust provides that if the property is sold by foreclosure, Hinojosa and any person holding possession through her would immediately surrender the property or become a tenant at sufferance and be removed by writ of possession. Finance of America also submitted a substitute trustee's deed establishing it acquired title to the property in a nonjudicial foreclosure sale. This evidence established that Hernandez and the other occupants entered into a landlord-tenant at sufferance relationship with Finance of America. *See Garcia*, 2019 WL 2996971, at *3; *Yarbrough*, 455 S.W.3d at 280. Finally, Finance of America submitted evidence it gave notice and made written demand for possession of the premises.

In response to the motion for summary judgment, Hernandez asserted that title to the property was in dispute and that issues regarding the validity of the foreclosure sale were "before the Probate Court." On appeal, Hernandez states she "filed suit" in probate court in a "dependent administration" as heir to the estate of Mary Hinojosa, the property at issue is part of the Hinojosa estate, and as a result, the county court at law has no jurisdiction. The sole evidence presented to

the county court at law on this issue was that shortly after the nonjudicial foreclosure sale, the probate court, upon the application of Hernandez, appointed a *temporary* administrator for the estate of Mary Hinojosa. The purpose behind the appointment of a temporary administrator is to preserve the status quo of an intestate decedent's estate until the assets of the estate, if any, can be delivered into the control of a permanent administrator. *See Nelson v. Neal*, 787 S.W.2d 343, 346 (Tex. 1990). Here, the probate court's order provides the temporary administrator was appointed for the statutory period of 180 days in May 2019—expiring in November—in order to recover, inventory, and account for the property in the estate. *See* TEX. ESTATES CODE § 452.003. The order expressly gave the temporary administrator the power to recover property of the estate and to dispute liens, but it did not identify any specific property. Hernandez did not present any summary judgment evidence that the temporary administrator disputed the lien created by the deed of trust Hinojosa executed or took any action to assert an interest in the property on behalf of the estate. And nothing in the record shows that the county court at law was presented with any evidence the temporary administration was made permanent in order to quiet title or that the property at issue was ever delivered to a permanent administrator. *See Winegardner v. Hughes*, No. 07-18-00434-CV, 2020 WL 1966283, at *1 n.3 (Tex. App.—Amarillo Apr. 23, 2020, no pet.) (mem. op.) (rejecting claims regarding life estate in property where evidence not offered at trial, reasoning "no record basis for questioning the jurisdiction of the justice court and county court at law in the forcible detainer proceeding").

We conclude Hernandez failed to show there was a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession. We further conclude the summary judgment evidence established Finance of America's superior right to immediate possession of the property. Accordingly, the justice court

and the county court at law had jurisdiction to hear Finance of America's forcible detainer claim, and we affirm the judgment.

### B. Bond Amount

In her last issue, Hernandez contends the county court at law abused its discretion by setting the appeal bond at $3,000 because it would cause her substantial economic harm.[1] We review the trial court's ruling under an abuse of discretion standard. *See Stevenson v. Franklin Gardens Apartments*, 511 S.W.3d 829, 831 (Tex. App.—El Paso 2016, order). A trial judge has broad discretion to determine the amount of security required to supersede a judgment. *Id.* A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Id.* "An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision." *Mitchell v. Wilmington Sav. Funds Soc'y, FSB*, No. 02-18-00089-CV, 2018 WL 4626396, at \*2 (Tex. App.—Fort Worth Sept. 27, 2018, order) (mem. op.), *disp. on merits*, 2019 WL 150262 (Jan. 10, 2019, no pet.) (mem. op.).

In setting the bond amount required to supersede the judgment, a trial court shall "take into account and balance two opposing interests." *Stevenson*, 511 S.W.3d at 831-32. The trial court is required to protect an appellee to the same extent as in any other appeal by considering the value of rents likely to accrue during the duration of the appeal, damages that may occur as a result of the stay for the duration of the appeal, and other damages or amounts the court deems appropriate. *See id.* at 832 (citing TEX. PROP. CODE § 24.007). At the same time, if the trial court finds the foregoing considerations will cause the judgment debtor substantial economic harm, the trial court

---

[1] We construe Hernandez's challenge to the bond amount as a motion to review the trial court's supersedeas order under Texas Rule of Appellate Procedure 24.4.

must lower the amount of security to an amount "that will not cause the judgment debtor substantial economic harm." *Id.* (citing TEX. R. APP. P. 24.2(b)).

Hernandez initially asked the county court at law to set the bond at $1,000, but after a hearing during which Hernandez presented no evidence, the court ordered the supersedeas bond set at $8,000 and approved the use of a surety bond. Hernandez then moved to reduce the bond without proposing an amount in her motion. Following the hearing, the trial court reduced the bond to $3,000 "find[ing] that the current bond of $8,000.00 would cause extreme hardship," but did not otherwise modify the previous order permitting use of a surety bond.

In support of the motion to reduce the bond, Hernandez referred to her previously filed sworn Statement of Inability to Afford Payment of Court Costs as evidence of her income, expenses, and net worth, and she testified at the hearing regarding some of the contents of the statement. The statement provides Hernandez was unemployed, had a total monthly income of $862, monthly expenses of $780, total assets of $1,500, and total liabilities of $1,400. Hernandez further testified she could not raise the $8,000 to post the bond and argued she could only afford a $300 bond without incurring substantial economic harm.

However, the record reflects Hernandez posted a $2,000 surety bond for her appeal to the county court at law. At the hearing on the motion to reduce the bond, *she contended* she could not afford a bond greater than $300. She did not offer any explanation as to why she could not obtain another surety bond for $2000 or more. Hernandez also did not introduce any evidence of any attempt to obtain either a cash bond or a surety bond or of what the premium or collateral requirements would be for another bond. On this record, we hold the trial court did not abuse its discretion in setting the bond amount at $3,000. *See Stevenson*, 511 S.W.3d at 831; *see also Lofton v. Texas Brine Corp.*, 777 S.W.2d 384, 386 (Tex. 1989) (concluding testimony from interested witnesses may establish fact as a matter of law only if testimony could be readily contradicted if

untrue, and is clear, direct, and positive, and there are no circumstances tending to discredit or impeach it).[2]

## C. Other Errors

As part of her third issue regarding the amount of the bond, Hernandez raises an "additional concern" about the justice court and county court at law having allegedly proceeded without all proper parties present. She contends the temporary administrator of Mary Hinojosa's estate was a necessary party who should have been noticed, named, and joined as a party, and asserts the trial court erred by proceeding in her absence.

Hernandez appeared and answered in the county court at law, acknowledging she was an occupant of the property claiming a right to possession through Mary Hinojosa. Although Hernandez's answer asserted the probate court had jurisdiction over the claims in the case, Hernandez did not raise the alleged absence of a necessary party by a verified plea in abatement or by special exception and did not make any attempt to implead or substitute the temporary administrator as a party. *See* TEX. R. CIV. P. 93(4); *Khalilnia v. Fed. Home Loan Mortg. Corp.*, No. 01–12–00573–CV, 2013 WL 1183311, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. denied) (mem. op.). Hernandez did not specifically raise the alleged failure to join the temporary administrator until her response to the motion for summary judgment. This was insufficient to preserve the issue for review. *See Feuerbacher v. Fed. Nat'l Mortg. Ass'n*, No. 05-16-01117-CV, 2017 WL 5589601, at *2 (Tex. App.—Dallas Nov. 21, 2017, no pet.); *Khalilnia*, 2013 WL 1183311, at *4. Moreover, "[a] failure to join 'indispensable' parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court." *Rosas*

---

[2] Because we conclude the trial court did not abuse its discretion, we do not consider whether the issue of the supersedeas bond amount is moot.

*v. Chih Ting Wang*, No. 05-18-01013-CV, 2019 WL 3986301, at \*6 (Tex. App.—Dallas Aug. 23, 2019, no pet.) (mem. op.) (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam)).

## CONCLUSION

We conclude the justice of the peace court, and the county court at law on appeal, had jurisdiction to hear and decide Finance of America's forcible detainer claim. We further conclude the trial court did not abuse its discretion in reducing the bond amount to $3,000, and we overrule Hernandez's other issues. We therefore affirm the judgment.

Luz Elena D. Chapa, Justice