

# NUMBER 13-21-00429-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ANTON SCOTT HALEY AND ALL OCCUPANTS,**     **Appellants,**

**v.**

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**
**AS OWNER TRUSTEE OF THE RESIDENTIAL**
**CREDIT OPPORTUNITIES TRUST V-D,**     **Appellee.**

**On appeal from the County Court at Law No. 5**
**of Nueces County, Texas**

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

Appellant, Anton Scott Haley, appeals from a judgment awarding appellee,

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit

Opportunities Trust V-D, immediate possession of residential property commonly known as 4910 Lavaca Drive, Corpus Christi, Texas 78411. The judgment, signed on December 2, 2021, includes an order setting the security amount at $10,000.00. A writ of possession was issued on December 14, 2021, but it remains unserved.

Haley has filed an emergency motion with this Court complaining that the $10,000.00 amount is excessive and seeking a temporary stay from execution on the writ. *See* TEX. R. APP. P. 24.4(a)(1) (authorizing courts of appeals to review the "sufficiency or excessiveness of the amount of security"). According to Haley, in setting the security amount, the trial court failed to consider his financial circumstances as evidenced in the Statement of Inability to Afford Payment of Court Costs or an Appeal Bond that he filed in the justice court. Haley has also requested a hearing in the trial court to lower the amount of the security, but no such hearing has been held. *See id.* 24.2(b).

Appellee has filed a response arguing the amount of security is reasonable under the circumstances, and therefore, Haley has failed to demonstrate that the trial court abused its discretion. *See Stevenson v. Franklin Gardens Apts.*, 511 S.W.3d 829, 831 (Tex. App.—El Paso 2016, order). According to appellee, the 2021 tax appraised value of the property was $124,087, and a conservative rental value of the property, based on 1% of the appraised value, is $1,241 a month. Appellee contends that because the appeal will last at least eight months, $10,000.00 is a justifiable amount and well within the trial court's discretion.

Generally, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). In an eviction suit, "[a]

2

judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE ANN. § 24.007. When, as here, the judgment is for the recovery of an interest in real property, the amount of the security amount should be at least the rent value of the property during the anticipated duration of the appeal. *See* TEX. R. APP. P. 24.2(a)(2)(A); *Stevenson*, 511 S.W.3d at 831. However, upon a proper showing by the judgment debtor, the trial court must lower the amount of the security required by Rule 24.2(a) to an amount that will not cause the judgment debtor substantial harm. *See id.* R. 24.(b); *Stevenson*, 511 S.W.3d at 831 (requiring the trial court to "take into account and balance" the competing interests between the landlord and tenant); *see also Hinojosa v. Fin. of Am. Rsrv., LLC*, No. 04-19-00787-CV, 2021 WL 1199045, at *3 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (mem. op.) (same).

Here, if the writ of possession is executed, then it may moot the appeal and divest us of our jurisdiction. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "It is well settled that an appellate court is authorized to protect its jurisdiction by preserving the subject matter of the appeal in order to make its decrees effective." *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding) (collecting cases); *see In re Geomet Recycling LLC*, 578 S.W.3d 82, 90 (Tex. 2019, orig. proceeding).

In consideration of the forgoing, and because the trial court has not had the benefit of considering Haley's motion to reduce the bond, we grant Haley's motion in part and

3

issue the following orders:

It is ordered that execution on the writ of possession is conditionally stayed. For the stay to remain in effect, Haley is required to deposit a $1,000.00 cash bond into the registry of the trial court by 5:00 p.m. on Monday, December 27, 2021, and provide this Court and appellee with proof of such deposit.[1] If Haley fails to post the bond by the deadline, then the temporary stay will automatically dissolve by its own terms.

It is further ordered that the trial court shall conduct a hearing on Haley's motion to reduce the security amount, render a decision on the motion, and issue findings of fact and conclusions of law, all within thirty (30) days from the date of this order.[2] Haley may contest the trial court's ruling by filing a separate motion with this Court.

Finally, it has come to our attention through the parties' filings that: (1) Haley filed for Chapter 7 bankruptcy at some point; (2) although he has received a discharge, Haley filed an adversary proceeding against appellee that remains pending in Federal Bankruptcy Court; and (3) the merits of that proceeding may be germane to the merits of this appeal. Accordingly, the parties are ordered to brief this Court within thirty (30) days from the date of this order as to whether this appeal should be abated pending the outcome of the adversary proceeding.

PER CURIAM

Delivered and filed on the
22nd day of December, 2021.

---

[1] The Nueces County District Clerk is closed for the Christmas holidays on Thursday, December 23, 2021, and Friday, December 24, 2021.

[2] We offer no opinion on what constitutes a sufficient bond in this case; the $1,000.00 cash bond is merely a placeholder until the trial court considers Haley's motion.

4