ACCEPTED
15-25-00197-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 12:20 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00197-CV

## In the Fifteenth Court of Appeals

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/10/2025 12:20:41 PM
CHRISTOPHER A. PRINE
Clerk

**DOMINIQUE REED and DAKOTA HILL,**
*Appellants*

**v.**

**CYPRESS CREEK AT SOUTH CEDAR,**
*Appellee*

*On appeal from the County Civil Court at Law No. 1 of Bell County, Texas,*
*Cause No. 25CCV01420*

---

**APPELLEE'S RESPONSE TO APPELLANTS' EMERGENCY MOTION
TO STAY JUDGMENT AND WRIT OF POSSESSION
PENDING APPEAL OR, IN THE ALTERNATIVE,
MOTION TO DISSOLVE TEMPORARY STAY**

---

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

COMES NOW, Appellee, **CYPRESS CREEK AT SOUTH CEDAR**, and

files its Response to Appellants' Emergency Motion to Stay Judgment and Writ of

Possession Pending Appeal or, in the Alternative, Motion to Dissolve Temporary

Stay and, in support thereof, would show unto the Court the following.

## I.
## <u>INTRODUCTION</u>

This appeal stems from a final judgment in a forcible detainer action. (CR

81). In relevant part, the final judgment states:

IT IS FURTHER ORDERED that the said CYPRESS CREEK AT SOUTH CEDAR have restitution of the said premises by midnight on October 24, 2025, for which let Writ of Possession issue, to wit: property located at:

460 S Cedar Road, Apt #11208 Temple, Texas 76502.

A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL TO THE THIRD COURT OF APPEALS, AUSTIN, TEXAS.

If the appeal is taken, monthly rent to be paid into the Registry of the Court in the amount of $897.00 on the first day of the month. If the monthly rent is not paid, Writ of Possession may issue without further hearing.

Also, a Supersedeas Bond in the amount of $5,382.00 must be filed by 4:45 pm on October 24, 2025, in the County Clerk's office located at 1201 Huey Rd, Belton, TX 76513 to stay a pending judgment.

(CR 81).

On October 20, 2025, Appellants filed their Notice of Appeal. (CR 97). Appellants then filed their Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal (hereinafter referred to as "Motion") on October 29, 2025. The crux of Appellants' Motion is that they do not currently have the financial means to file the supersedeas bond.[1] On the same day, the Third Court of Appeals granted the motion and "temporarily stay[ed] enforcement of the trial court's

---

[1] Appellants further challenges the validity of the final judgment. However, this goes to the merits of Appellants' appeal and has no bearing on her responsibility to file a supersedeas bond in order to pursue her appeal.

4905-1895-4104, v. 1

judgment and execution of the writ of possession pending further orders of this Court." The Third Court of Appeals further requested Appellee to file a response to the Motion by November 10, 2025.[2]

As explained below, the Texas Property Code mandates that a final judgment in a forcible detainer action cannot, under any circumstances, be stayed unless an appellant first complies with her supersedeas bond requirements. As Appellants have failed to do so, this Court should deny Appellants' Motion and lift and/or dissolve the temporary stay issued by the Third Court of Appeals.

**II.**
**ARGUMENT**

"A forcible detainer and detainer action is an eviction procedure to determine the right to immediate possession of real property." *In re Callier*, No. 12-24-00076-CV, 2024 Tex. App. LEXIS 3361, *4 (Tex. App.—Tyler May 14, 2024, orig. proceeding). It is a special proceeding intended to be a "speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Housing Authority*, 198 S.W.3d 782, 787 (Tex. 2006); *see also In re Callier*, 2024 Tex. App. LEXIS 3361 at *4. Once a judgment in a forcible detainer action is rendered, trial courts are given broad discretion in determining the amount and type of security required. *See Nemeth v. Mindful Home Ventures*, No. 03-25-00377-CV,

_____

[2]     In the interim, this appeal was transferred to the Fifteenth Court of Appeals.

3

2025 Tex. App. LEXIS 3906, *2 (Tex. App.—Austin June 5, 2025, no pet.) (citing *Hernandez v. U.S. Bank Tr. N.A.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.) (explaining that trial court "is given broad discretion in determining the amount and type of security required"); *Stevenson v. Franklin Gardens Apartments*, 511 S.W.3d 829, 832 (Tex. App.—El Paso 2016, no pet.) (stating that when setting amount of supersedeas bond, the trial court may take into consideration value of rents likely to accrue during appeal)).

More importantly, "[a] judgment of a county court **may not under any circumstances be stayed pending appeal** unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX. PROP. CODE § 24.007 (emphasis added). As this makes clear, an "appellate court's power to stay the judgment of the county court in a forcible detainer action is limited; it is only empowered to stay the judgment of the county court in a forcible detainer action if a supersedeas bond has been filed." *See Nemeth*, 2025 Tex. App. LEXIS 3906 at *2 (quoting *Usatequi v. Meller*, No. 04-05-00324-CV, 2006 Tex. App. LEXIS 582, 2006 WL 166436, at *1 (Tex. App.—San Antonio Jan. 25, 2006, no pet.) (mem. op.)); *see also Coleman v. Pflugerville Wells Branch, LLC*, No. 03-24-00765-CV, 2025 WL 352186, at *2 (Tex. App.—Austin Jan. 31, 2012, order). Finally, an appellant's asserted indigence is not a basis for forgoing the requirement of a supersedeas bond. *See Morse v. Fed. Nat'l Mortg. Ass'n*, No.

4

05-18-00999-CV, 2018 Tex. App. LEXIS 8115, 2018 WL 4784585, at *2 (Tex. App.—Dallas Oct. 4, 2018, no pet.) (mem. op.); *In re Callier*, 2024 Tex. App. LEXIS 3361 at *4 ("[i]ndigence does not relieve a party of the obligation to file a supersedeas bond").

As Appellants have failed to comply with the supersedeas bond requirements, there is no legal basis for this Court to stay the county court's judgment. Accordingly, Appellants' Motion should be denied, and the temporary stay should be lifted and/or dissolved. *See Nemeth*, 2025 Tex. App. LEXIS 3906 at *3 ("Given that Nemeth has not complied with the supersedeas requirements set out in the trial court's final judgment, we dissolve our prior order granting temporary emergency relief and staying any writ of possession or garnishment."); *see also Cave v. Kensington Apts. Austin, LP*, No. 03-24-00442-CV, 2024 Tex. App. LEXIS 6063, *2 (Tex. App.—Austin Aug. 21, 2024, no pet.) ("Even if it had not been rendered moot, we would lift the stay in light of the information provided by Kensington Apartments in its response about Cave's failure to post the supersedeas bond … [and] [w]e deny Cave's July 17, 2024 Emergency Motion to Stay or Recall Writ of Possession."); *Coleman v. Pflugerville Wells Branch, LLC*, No. 03-24-00765-CV, 2025 WL 352186, at *2 (Tex. App.—Austin Jan. 31, 2012, order) (dissolving order granting temporary stay when supersedeas bond requirements were not met).

4905-1895-4104, v. 1

### III.
### <u>PRAYER</u>

Appellee, **CYPRESS CREEK AT SOUTH CEDAR**, respectfully prays that the Honorable Court deny Appellants' Emergency Motion to Stay Judgment and Writ of Possession Pending Appeal, lift and/or dissolve the temporary stay issued by the Third Court of Appeals, and grant any other relief to which it is entitled.

Respectfully Submitted,

**HOOVER SLOVACEK LLP**

*/s/ Joshua Anderson*
 Joshua Anderson
 State Bar No. 24027198
 anderson@hooverslovacek.com
 Richard Alexander Barclay
 State Bar No. 24125110
 barclay@hooverslovacek.com
 Galleria Tower II
 5051 Westheimer, Suite 1200
 Houston, Texas 77056
 Telephone: (713) 977-8686
 Facsimile: (713) 977-5395

**ATTORNEYS FOR APPELLEE, CYPRESS CREEK AT SOUTH CEDAR**

4905-1895-4104, v. 1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rule of Appellate Procedure 9.5, I hereby certify that on this the **10th** of November 2025, a true and correct copy of the foregoing was served via electronic filing, to all counsel of record.

Dakota Hill
P.O. Box 12108 MC068
Austin, Texas 78711

Dominique Reed
P.O. Box 12108 MC068
Austin, Texas 78711

*/s/ Joshua Anderson*
Joshua Anderson

4905-1895-4104, v. 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brooke Broderick on behalf of Joshua Anderson
Bar No. 24027198
broderick@hooverslovacek.com
Envelope ID: 107860988
Filing Code Description: Response
Filing Description: Appellee Cypress Creek at South Cedar's Response to Emergency Motion to Stay Judgment and Writ of Possession
Status as of 11/10/2025 12:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brooke Broderick | | broderick@hooverslovacek.com | 11/10/2025 12:20:41 PM | SENT |
| Alex Barclay | | barclay@hooverslovacek.com | 11/10/2025 12:20:41 PM | SENT |
| Christy Case | | manager.ccsc@bonnercarrington.com | 11/10/2025 12:20:41 PM | SENT |
| Dominique ACReed | | dominique.ac.reed@outlook.com | 11/10/2025 12:20:41 PM | SENT |
| Joshua Anderson | | janderson@hooverslovacek.com | 11/10/2025 12:20:41 PM | ERROR |